## In re Northumberland National Bank.

*Knight & Taggart,* for petitioner; *Cummings & Gubin,* contra.

LLOYD, J., Dec. 27, 1927.—The above-entitled proceeding is before us upon the petition of the Northumberland National Bank for a declaratory judgment, as provided by the Act of June 18, 1923, P. L. 840.

From the admissions and the evidence, we state the following

### Findings of fact.

1. The Northumberland National Bank is a national banking corporation, conducting its business in the Borough of Northumberland, Northumberland County, Pennsylvania.

2. That Charlotte J. Lesher and John Lesher are and were, prior to Oct. 14, 1920, husband and wife.

3. That Charlotte J. Lesher and Mrs. John Lesher are one and the same person.

4. That on Oct. 14, 1920, the said Mrs. John Lesher and John Lesher opened a joint savings account with the Northumberland National Bank.

5. That the said savings account was opened with the bank under the following depository agreement: "The sums deposited in this account belong to John Lesher or Mrs. John Lesher jointly; it being understood each may withdraw on his or her individual order during their joint lives and we hereby direct and authorize the Northumberland National Bank, Northumberland, Penna., to pay any balance remaining upon the death of either of us to the survivor. John Lesher, Mrs. John Lesher."

6. The balance remaining in the joint savings account on May 25, 1927, was $2024.98, which, with interest computed as principal to June 1, 1927, amounted to $2030.

7. That on Nov. 8, 1923, the said Mrs. John Lesher and John Lesher opened a joint checking account at said Northumberland National Bank.

8. That the said checking account was opened with the bank under a depository agreement identical with that set forth under our fifth finding of fact.

9. That the balance remaining in said checking account on May 25, 1927, is $306.97.

10. That the said John Lesher was found to be insane on Feb. 17, 1927, and on that date was committed to the Danville State Hospital for the Insane upon the certificate of two physicians.

11. That this court, on May 25, 1927, by proceedings duly had, adjudged the said John Lesher to be insane and appointed said Charlotte J. Lesher his guardian.

12. That no action had been taken by John Lesher during his sanity to annul, cancel or revoke either of said depository agreements.

144

13. That on May 14, 1927, Charlotte J. Lesher drew her check on the joint savings account for the sum of $2000 and presented the same to the Northumberland National Bank for deposit to her individual account, Mrs. John Lesher; that the said bank accepted the said check, transferred the account and issued to Mrs. John Lesher a pass-book, No. 4266, and therein credited her individual account with the sum of $2000.

14. That on May 25, 1927, Mrs. John Lesher presented to the Northumberland National Bank her check against the said joint checking account for the sum of $306.97, and payment thereof was refused by the bank.

15. That on May 25, 1927, Mrs. John Lesher presented her check drawn on said bank for the sum of $2024.98, this being the amount then on deposit in the savings department in said bank in the name of Mrs. John Lesher and identified by pass-book No. 4266, issued by said bank to Mrs. John Lesher; that Mrs. John Lesher demanded payment of said check and presented her pass-book, but payment was then and there refused by the bank.

16. That Mrs. John Lesher has an interest in both of said accounts, separate and distinct from the interest arising out of said depository agreements.

From the foregoing findings we state the following

### Conclusions of law.

1. That the joint savings account, under the depository agreement set forth in our 5th finding of fact, was and is subject to the check of Mrs. John Lesher.

2. That the joint checking account, under the depository agreement set forth in our 8th finding of fact, was and is subject to the check of Mrs. John Lesher.

3. That on May 14, 1927, the Northumberland National Bank honored the check of Mrs. John Lesher drawn for the joint savings account and legally transferred the said account to Mrs. John Lesher.

4. That there is now on deposit in the said bank in the name of Mrs. John Lesher $2030, with interest computed as principal to June 1, 1927, and that said amount is subject to the individual check of Mrs. John Lesher.

5. That the adjudication of John Lesher as an insane person did not annul, cancel nor in any way affect the contract and agreement entered into by John Lesher, Mrs. John Lesher and the Northumberland National Bank relative to the said savings and checking accounts of John Lesher and Mrs. John Lesher.

6. That judgment must be entered in favor of Mrs. John Lesher or Charlotte J. Lesher and against the Northumberland National Bank for the total of said savings account, to wit, the sum of $2030, with interest thereon at the rate of 6 per cent. from June 1, 1927.

7. That judgment must be entered in favor of Mrs. John Lesher and against the Northumberland National Bank for the balance of said checking account, to wit, the sum of $306.97, with interest thereon at the rate of 6 per cent. from May 25, 1927.

### Requests.

Our action upon the requests of the parties for findings of fact and conclusions of law are indicated upon the original requests which are filed herewith.

### Decree.

In view of the foregoing findings of fact and conclusions of law, we now declare that judgment must be entered in favor of Mrs. John Lesher and against the Northumberland National Bank for the sum of $2030, with interest thereon at the rate of 6 per cent. from June 1, 1927; and, further, that a judgment be entered in favor of Mrs. John Lesher and against the North-

umberland National Bank for the sum of $306.97, with interest thereon at the rate of 6 per cent. from May 25, 1927.

An exception is noted and bill sealed for the petitioner, the Northumberland National Bank, Northumberland, Pennsylvania.

From C. M. Clement, Sunbury, Pa.